Van Vorst, J. (at special term).
The action is against the defendant as a common carrier, for the nondelivery to the plaintiff, and for the loss to her, of a case of merchandise entrusted to the defendant for carriage.
I do not understand the third defense, and which is claimed by the plaintiff to be irrelevant, to aver distinctly that the “ case” in question, contained merchandise shipped by the plaintiff with the intention of being smuggled into the United States in violation of the revenue laws.
The averment that she did deliver baggage and merchandise at the time, for such purpose, does not establish that the property in question was of such character, or shipped for such unlawful purpose.
In order that the defense be pertinent and relevant, if otherwise good, it should have been distinctly alleged that the case of goods for the value of which this action was brought, was itself of such objectionable character.
It by no means follows from the averment, that on her arrival at the port of Hew York, she did smuggle ashore from the steamer large quantities of merchandise which formed part of the baggage, that this specific “case” of merchandise lost to her, was shipped with the intention to evade the fiscal laws of this country.
Such facts might be some evidence, but not necessarily conclusive, that the goods contained in the missing case, were of that character.
But in pleading, it is not evidence which is to be set forth, but issuable facts.
In pleading defenses of this character, to avoid liability, the defendant should be held to clear and *521 positive averments, and should leave no room for doubt that he means to charge «distinctly, that the specific goods, the value of which is the subject of the action, were shipped with the intention of being smuggled.
But aside from this defect in the statement of the defense, I do not think that the carrier can successfully interpose a defense of the character indicated. It is entirely irrelevant.
He is not, according to his own showing “partioeps criminis T
When he received the goods, he was entirely ignorant of the plaintiffs design, and never became implicated therein.
In Holman v. Johnson (Cowp. 34), the plaintiff residing at Dunkirk had sold to the defendant a quantity of tea, which was intended to be smuggled into England. The plaintiff himself had no concern in the smuggling ; it was held he might recover.
But where the seller, knowingly, does any act calculated to facilitate the smuggling, such as packing the goods in a particular manner, he is regarded as "particeps criminis,” and can not recover (Briggs v. Laurence, 3 Term R. 454; Tracy v. Talmage, 14 N. Y. 170). Cheney v. Duke, 10 Gill & Johnson, 1124, however, decides, that in an action to recover the purchase price for a slave, who the vendor knew was to be removed out of the state, without a bill of sale being taken, as the law of the state required, knowledge alone by the vendor of the illegal, or prohibited purpose, on the part of the vendee, unaccompanied by any act in furtherance of its execution, was no bar to a recovery.
There was nothing illegal in the service which the carrier undertook to perform. His business was to carry merchandise, from one port to another, for hire.
The undisclosed purpose or design of the shipper, was no concern of his. It was presumptively good. *522 He was entitled to be paid for the carriage, and if he was ignorant of the shipper’s intent to smuggle, his claim for freight money could not be defeated.
The wrong in this case consisted in the plaintiff’s wicked intention to evade the fiscal laws. But such intention was not carried out. It never ripened into an actual offense so far as the goods in question were concerned. The plaintiffs might have yet repented. As was said in Pellecot v. Angell (2 Crompt. Mees & Ros. 312): “ The plaintiff sold the goods ; the defendant might smuggle them if he liked, or he might change his mind the next day.” And in this case, the plaintiff might yet, on the arrival of her goods in Hew York, had they not been lost to her through the carrier’s acts, or negligence, have paid the duty, or delivered them in bond.
Contracts for an illegal purpose, or which are against the policy of the law, can not in general be enforced.
But there was nothing in the defendant’s engagement to carry the goods which was illegal.
And it can not be maintained that a contract which is itself free from vice, can be avoided, because it may possibly facilitate an illegal transaction (De Groot v. Van Duzer, 17 Wend. 170).
The motion to strike out is granted, with costs.